# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA CLINITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-CV-0711-MJR |
| | ) |
| PAULA JOHNSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Clinite originally filed the above-captioned action in the Circuit Court, Twentieth Judicial Circuit, St. Clair County, Illinois on June 1, 2006 (Doc. 4). Clinite provided Johnson with legal representation in ***Johnson v. Cherry*** (Case No. 02-CV-1231-DRH), which was previously pending in this federal district court. The factual basis of this action stems from that representation, as Clinite alleges that Johnson committed fraud and willful and wanton misconduct in forging Clinite's signature on filings submitted in that case. All of Clinite's causes of action were brought under Illinois state law. On September 16, 2008, Clinite filed a motion for summary judgment in the state court action, arguing in part that the doctrine of collateral estoppel requires judgment in her favor due to certain findings made by this federal district court during sanctions proceedings in ***Johnson v. Cherry*** (Doc. 1-2).

On October 7, 2008, Johnson removed the case to this Court (Doc. 1). Upon removal, Johnson did not pay the filing fee and instead moved for leave to proceed *in forma pauperis* (Doc. 2). An order granting pauper status authorizes a lawsuit to proceed without pre-payment of fees. **28 U.S.C. § 1915(e)(2)** requires federal courts to carefully screen the complaints filed by pauper status

-1-

movants. Pursuant to **§ 1915(e)(2)**, this Court must *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

The removal of this action fails to pass muster under **§ 1915(e)(2)** because it fails to state a claim upon which relief can be granted by this Court. Specifically, the Court finds no support for Johnson's jurisdictional allegations. Because this Court lacks subject matter jurisdiction over this action, the motion to proceed *in forma pauperis* is **DENIED** and the case is **REMANDED** to state court.

Johnson claims that removal is proper because Clinite's summary judgment motion "involves a federal question" creating subject matter jurisdiction under **28 U.S.C. § 1331** (Doc. 1). Additionally, Johnson states that jurisdiction lies under the diversity statute, **28 U.S.C. § 1332.** Finding no support for the jurisdictional allegations upon threshold review, the Court ordered Johnson to file an amended notice of removal (Doc. 6). *See, e.g., Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**. In her amended notice, Johnson states that "Federal law created the cause of action that is the essential element of the state law claims of fraud by Plaintiff, Barbara Clinite" (Doc. 8). She further states that Clinite's state law fraud claims are preempted by federal law, specifically **28 U.S.C. § 1291**.

A defendant may remove an action to federal court under **28 U.S.C. § 1441**, which states:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and

division embracing the place where such action is pending.

However, **28 U.S.C. § 1447(c)** provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The removing party, here Johnson, has the burden of demonstrating the existence of federal jurisdiction. *See Doe v. Allied-Signal, Inc.*, **985 F.2d 908, 911 (7th Cir. 1993).** "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Additionally, remand is favored where there are doubts about removal. *Id.*

First, the Court finds that Johnson has failed to carry her burden with respect to the allegation that diversity jurisdiction exists under **28 U.S.C. § 1332**. Johnson merely states that the amount in controversy exceeds $75,000. That allegation completely ignores the requirement that the parties be citizens of different states. In fact, Johnson provides no information about the parties' citizenship whatsoever. Moreover, it appears from the docket sheet and the pleadings that both Clinite and Johnson are citizens of Illinois. Thus, the Court cannot find that diversity jurisdiction exists under **§ 1332**.

This brings the Court to the question of whether federal question jurisdiction lies in this case. **28 U.S.C. § 1331** provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Supreme Court explained in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.* that in addition to claims raised by a federal cause of action, federal jurisdiction lies where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial." *Id.* **at 314.** The case involved a state-law quiet title action, where the petitioner claimed that the Internal Revenue Service failed to give proper notice before it seized real property and sold it to a third party. *Id.* **at 310.** The only disputed issue was the interpretation of a notice statute in federal tax law. *Id.* **at 311.** The Court found that federal

jurisdiction existed, noting that the statute's meaning was "an essential element of [petitioner's] quiet title claim, and the meaning of the federal statute is actually in dispute." *Id.* **at 315.** However, the Supreme Court has further recognized that *Grable* only applies to a small category of cases. ***Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 701 (2006).**

Johnson argues that this action arises under federal law because "Federal law created the cause of action that is the essential element of the state-law claims of fraud by Plaintiff, Barbara Clinite" (Doc. 8). This is clearly not so. Clinite's claims are state-law fraud claims that contain no federal issue that is both disputed and substantial. The simple fact that the incidents in question occurred in the context of Clinite's legal representation of Johnson in a previous federal case does not, in and of itself, make federal law an essential element of Clinite's claims. Likewise, the fact that Clinite seeks to prevail on a theory of collateral estoppel, thereby referencing certain findings made by this district court in the *Johnson v. Cherry*, does not mean that the action arises under federal law.

Johnson further argues that Clinite's state-law fraud claims are preempted by federal law, specifically **28 U.S.C. § 1291**, which provides:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

This jurisdictional statute does not preempt Clinite's state law claims. Clinite does not seek review of the Court's findings in the *Johnson v. Cherry* sanctions hearings. Rather, she seeks to use the Court's findings to establish Johnson's liability for fraud via collateral estoppel.

Johnson also references **18 U.S.C. § 287**, which is the federal criminal statute for raising false claims against the government. It provides:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

It is not clear how this criminal statute could possibly be relevant to the jurisdictional issue before the Court. It appears that Johnson intends to allege as a defense that Clinite committed perjury by lying to this federal district court, but even if the Court were to consider such an argument as a federal defense, it is well-established that a case may not be removed to federal court on the basis of a federal defense alone.

In short, this case arises under state law and the litigants are non-diverse parties. Accordingly, the Court finds that federal jurisdiction does not lie in this case. This result is so clear that the Court sees no need to hold further proceedings, and thereby **DENIES** Johnson's motion for a hearing on the issue of jurisdiction (Doc. 9).

Accordingly, the Court **DENIES** Johnson's motion to proceed *in forma pauperis* (Doc. 2) and **DIRECTS** Johnson to pay the removal fee in full. Additionally, because subject matter jurisdiction over this action is lacking, the Court **REMANDS** this case to state court.

**IT IS SO ORDERED.**

**DATED this 7th day of November 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**